IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MELISSA SUE JOHNSON                                                    PLAINTIFF

v.                          CIVIL NO. 3:18-CV-3001

ANDREW M. SAUL, [1] Commissioner,
Social Security Administration                                         DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Melissa Sue Johnson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for SSI on July 17, 2014, alleging an inability to work since July 17, 2014,[2] due to bipolar disorder, paranoid schizophrenia, and manic depressive disorder. (Tr. 29).[3] An administrative hearing was held on August 11, 2016,

---

[1] Andrew M. Saul, has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] At the August 11, 2016, hearing before the ALJ, Plaintiff amended her alleged onset date from October 1, 2011, to July 17, 2014. (Tr. 550).

[3] The Court notes that when the pages of the transcript were numbered, page 7 was not included; however, all pages of that particular document appear to be in the record. No other page numbers appear to have been omitted.

1

at which Plaintiff appeared and testified. (Tr. 536-574). Deborah Steel, Vocational Expert (VE), also testified. (Tr. 574-580).

By written decision dated June 26, 2017, the ALJ found that during the relevant time period, Plaintiff had severe impairments of degenerative disc disease of the cervical and lumbar spine with chronic pain syndrome; bilateral carpal tunnel syndrome (CTS), status post-right CTS release surgery; generalized osteoarthritis; hypothyroidism; obesity; unspecified episodic mood disorder; major depressive disorder; anxiety disorder, not otherwise specified (NOS); and an unspecified personality disorder with cluster B traits. (Tr. 17). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR 416.967(a), except for the following:

> [Plaintiff] can occasionally climb ramps and stairs; she can never climb ladders, ropes, and scaffolds; she can occasionally balance, stoop, kneel, crouch, and crawl; and she can frequently, but not constantly, handle and finger bilaterally. [Plaintiff] must avoid concentrated exposure to temperature extremes, fumes, odors, dusts, gases, poor ventilation, and hazards, including no driving as a part of work. [Plaintiff] can further perform work where interpersonal contact with coworkers and supervisors is incidental to the work performed and there is no contact with the public; where the complexity of tasks is learned and performed by rote, with few variables and little use of judgment; and where the supervision required is simple, direct, and concrete.

(Tr. 19-26). With the help of a vocational expert (VE), the ALJ determined that while Plaintiff was unable to perform any past relevant work, there were jobs that existed in significant numbers in the economy that Plaintiff could perform, such as an addressing clerk, a type copy examiner, and a compact assembler. (Tr. 27-28). Therefore, the ALJ concluded that the

2

Plaintiff had not been under a disability, as defined in the Social Security Act, from July 17, 2014, through the date of the decision. (Tr. 27).

Plaintiff then requested a review of the hearing decision by the Appeals Council, and that request was denied on November 17, 2017. (Tr. 5-9). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 8). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 15-17).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby

summarily affirmed and Plaintiff's Complaint is dismissed with prejudice.  See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 21st day of August, 2019.


/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE